**Stella MORRISON, on behalf of herself and her minor children, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the United States Department of Health and Human Services and Leonard W. Levine, Commissioner of the Minnesota Department of Human Services, Defendants.**

**Civ. No. 4–84–1096.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 10, 1984.

See also, D.C., 602 F.Supp. 1485.

Berry Freisen, Steven C. Moon, and Michael Haggedorn, Southern Minnesota Regional Legal Services, St. Paul, Minn., for plaintiff.

Vicki Sleeper, Sp. Asst. Atty. Gen., St. Paul, Minn., Mary Egan, Asst. U.S. Atty., Minneapolis, Minn., and James Goeser, Dept. of Health and Human Services, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Stella Morrison brought this class action against defendant Margaret M. Heckler, Secretary of the Department of Health and Human Services (the Secretary), and Leonard W. Levine, Commissioner of the Minnesota Department of Human Services (the State), alleging that a regulation promulgated by the Secretary and implemented by the State does not properly interpret an amendment to the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C. § 602(a)(39). Plaintiff seeks injunctive and declaratory relief, as well as attorney's fees. Jurisdiction is alleged under 28 U.S.C. § 1331. The matter is now before the court upon the plaintiff's motion for revised class certification and a preliminary injunction.

In an order dated October 31, 1984, the court preliminarily certified a class of parents in the State of Minnesota who are 18 years of age, who are not full-time students at a secondary school or its equivalent, and whose AFDC or Medical Assistance (MA) benefits have been or will be reduced, terminated, or denied because they reside with a parent or legal guardian. The parties agreed at that time that it was appropriate to delay implementation of the Secretary's regulation as it affects plaintiff and the certified class pending final determination of the parties' cross motions for summary judgment. A temporary restraining order issued instructing the county welfare departments to reinstate and continue AFDC and MA benefits for all class members.

Plaintiff now seeks to amend the definition of that class to include 18 year old parents who reside with their parents and who attend secondary school or its equivalent but who are not reasonably expected to complete their school program before reaching the age of 19 years.

The court finds that this amendment is proper under Fed.R.Civ.P. 23 and will serve the interests of judicial economy. The question of law for the additional class members is the same as posed by the original class: whether the Secretary's rule and the State's policy is consistent with § 2640

of the Deficit Reduction Act, 42 U.S.C. § 602(a)(39). The additional persons are similarly situated to the plaintiff in that they cannot receive AFDC benefits as children but are subject to the grandparent-deeming rule at 45 C.F.R. § 233.-20(a)(3)(xviii). As members of the class, they would share the same concern of protecting their AFDC benefits without having to move from their parent's homes.

Since the Secretary opposes the expansion of the class, the court believes that plaintiff's motion must be analyzed by the factors set forth in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). Whether preliminary injunctive relief should be granted depends upon the showing made on the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Id.* at 114.

█ The court finds that under these factors a preliminary injunction may properly issue pending determination of the parties' cross motions for summary judgment. First, the putative class members, as a result of the grandparent deeming rules, may be irreparably harmed by the loss of subsistence benefits. *See Cha v. Noot*, 696 F.2d 594 (8th Cir.1982). Second, the balance of harm favors the class of plaintiffs. While the Secretary argues that the federal or state government will not be able to recoop overpayments should the Secretary's interpretation prevail, this harm is outweighed by the harm that faces the class of plaintiffs, who may be deprived of essential medical or nutritional child care needs. Third, the named plaintiff, in her summary judgment papers, has shown a likelihood of success on the merits. Finally, the public interest in the proper administration of the Aid to Families With Dependent Children program is best served by the granting of a preliminary injunction.

**ORDER**

Accordingly, based upon the above, all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion for a revised class certification is granted and the following class is preliminarily certified:

All parents in the State of Minnesota who are 18 years of age and who are either not full-time students at a secondary school or its equivalent or, if presently attending secondary school, are not reasonably expected to complete their school program before attaining age 19, and whose AFDC benefits have been or will be reduced, terminated or denied because they reside in the same homes as their parents.

2. Plaintiff's motion for a preliminary injunction is granted enjoining defendants, their agents, officers, employees and representatives, and all persons acting in concert or participating with them, including employees of county welfare departments, from terminating, reducing or denying Aid to Families with Dependent Children (AFDC) or Medical Assistance (MA) benefits to the revised class members or their children because of their residence with a parent or guardian of a class member. This preliminary injunction shall remain in effect until further order of this court.

3. Defendant Commissioner Levine, his successors in office, agents, officers, employees, and representatives shall effectuate this preliminary injunction by the close of the day on December 18, 1984 by notifying each county welfare department within the State of Minnesota, either by telephone or by mail, of this order and instructing the county welfare departments to reinstate and continue AFDC and MA benefits for all class members.