Stella MORRISON, on behalf of herself and her minor children, Plaintiff,

v.

Margaret M. HECKLER, Secretary of the United States Department of Health and Human Services and Leonard W. Levine, Commissioner of the Minnesota Department of Human Services, Defendants.

Civ. No. 4–84–1096.

United States District Court, D. Minnesota, Fourth Division.

Feb. 12, 1985.

Berry Freisen, Steven C. Moon, and Michael Haggedorn, Southern Minnesota Regional Legal Services, St. Paul, Minn., for plaintiff.

James Goeser, Regional Attys. Office, Dept. of Health and Human Services, Chicago, Ill., Mary Egan, Asst. U.S. Atty., Minneapolis, Minn., for federal defendant.

Vicki Sleeper, Sp. Asst. Atty. Gen., St. Paul, Minn., for state defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Stella Morrison brought this class action against defendant Margaret M. Heckler, Secretary of the Department of Health and Human Services (the Secretary), and Leonard W. Levine, Commissioner of the Minnesota Department of Human Services (the State), alleging that a regulation promulgated by the Secretary and implemented by the State does not properly interpret an amendment to the Aid to Families with Dependent Children (AFDC) program, § 2640 of the Deficit Reduction Act (DRA) to be codified at 42 U.S.C. § 602(a)(39). Plaintiff seeks injunctive and declaratory relief, as well as attorney's fees. Jurisdiction is alleged under 28 U.S.C. § 1331.

At an earlier stage in this proceeding this court preliminarily certified a class,[1] issued a temporary restraining order (TRO),[2] and

1. The class was defined as those parents in the State of Minnesota who are 18 years of age, who are not full-time students at a secondary school or its equivalent, and whose AFDC or Medical Assistance (MA) benefits have been or will be reduced, terminated, or denied because they reside with a parent or legal guardian.

2. The TRO instructed the county welfare departments to reinstate and continue AFDC and MA benefits to all class members.

set a date to hear the parties' cross motions for summary judgment. By order of November 28, 1984, the court designated the state as a nominal party. On December 10, 1984, the court granted plaintiff's motions for a revised preliminary class certification [3] and for a preliminary injunction enjoining the state from terminating, reducing, or denying AFDC or MA benefits to the revised class. 602 F.Supp. 1482. The matter is now before the court upon the motions of plaintiff for class certification and summary judgment, and the motion of the Secretary for dismissal, or, alternatively, summary judgment. Both sides have agreed that the matter may be properly resolved at this time.

## I. STATUTORY BACKGROUND

Congress enacted the AFDC program under Title IV, Part A, of the Social Security Act to enable states to provide financial assistance "to needy dependent children and the parents or relatives with whom they are living...." 42 U.S.C. § 601. To qualify for AFDC, a family must contain children who meet the "deprivation" and "age" requirements of section 406 of the Act. 42 U.S.C. § 606(a)(1) and (2). If both requirements are satisfied, AFDC payments are provided to those children and their caretaker relatives whose income and resources fall below the state-established standards of assistance.

Generally within the AFDC program, the only income and resources that are considered are those of the dependent children and the relative who seeks aid as the children's caretaker. 42 U.S.C. § 602(a)(7). This principle is subject to several exceptions that require the consideration of the income and resources of persons who do not seek AFDC.[4] Section 2640 of the DRA,

section 402(a)(39) of the Social Security Act (the Act), the interpretation of which is at issue here, creates an additional income-deeming rule. It provides:

A State plan for aid and services to needy families with children must ... (39) Provide that in making the determination ... [of need] with respect to a dependent child whose parent or legal guardian is under the age selected by the State pursuant to § 406(a)(2), the State agency shall (except as otherwise provided in this part) include any income of such minor's own parents or legal guardian who are living in the same home as such minor and dependent child, to the same extent that income of a stepparent is included under paragraph (31). 42 U.S.C. § 602(a)(39).

Thus, the statute requires that the resources of the grandparents be considered whenever AFDC is requested for a child by a parent who 1) is under the age selected by the state pursuant to section 406(a)(2) [5] and 2) resided in the same home as "such minor's" own parents.

On September 10, 1984, the Secretary issued "interim final rules" requiring all states participating in the AFDC program to amend their state plans to include the changes mandated by the DRA. One of those changes, at issue herein, required states to count as income to an assistance unit consisting of a "dependent child" and that child's "minor" parent, the income of the "minor parent's" own parents who live in the same home.

The interim final rule contained the following definition of the term "minor":

For AFDC, in the case of a dependent child whose parent ... is a minor, i.e., under the age selected by the State pur-

---

**3.** The revised class includes those 18 year old parents living in the home of their parents, who, although they are presently attending school full-time, are not reasonably expected to complete the school or training programs before they attain age 19.

**4.** These exceptions are identified at 45 C.F.R. § 233.20(a)(2)(viii).

**5.** Section 406(a)(2), 42 U.S.C. § 606(a)(2), limits AFDC eligibility to those deprived children:

(a) under the age of 18, or (b) at the option of the State, under the age of 19 and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains the age 19, he may reasonably be expected to complete the program of such secondary school (or such training).

suant to § 233.90(b) (without regard to school attendance), the State shall count as income to the assistance unit the income ... of such minor's own parent(s) ... living in the same household as the minor and the dependent child. 49 Fed. Reg. 35586, 35600 (September 10, 1984), to be codified at 45 C.F.R. § 233.-20(a)(3)(xviii).

Thus, in a state like Minnesota, which, under 42 U.S.C. § 606(a)(2)(B), has extended AFDC to parents under the age of 19 attending secondary school on a full-time basis, the grandparent deeming provision applies to three generation households with "minor" parents up to the age of 19, regardless of school attendance. Included in this definition of the term "minor" are parents who are neither "minors" under state law nor eligible for AFDC payments as "dependent children" under section 406 of the AFDC program. For instance, an 18 year old living in the State of Minnesota has reached the age of majority. *Minn. Stat.* § 645.451. Moreover, if not attending secondary school on a full-time basis, an 18 year old cannot receive AFDC benefits as a dependent child. 45 C.F.R. § 233.90(b).

## II. FACTUAL BACKGROUND

Plaintiff is an 18 year old mother with two children, Jennifer, born April 12, 1983, and Kristin, born October 4, 1984. Although she has previously lived apart from her parents, she presently lives with them because of health problems that both she and her younger child have experienced since that child's birth. Plaintiff is not a student and has not attended school for nearly two years. Her sole means of supporting her two children and herself is an AFDC grant. Prior to the adoption of the rule at issue herein, plaintiff and her two

children qualified for a monthly AFDC payment of $524.00. After considering the income of plaintiff's parents,[6] however, plaintiff and her two children were terminated from the AFDC program. Plaintiff has submitted figures showing her parents' monthly expenses. According to these figures, her parents have only about $25.00 left after they pay all of their monthly bills and necessary expenses, leaving no money to support plaintiff and her children.

Plaintiff contends that the rule promulgated by the Secretary wrongly applies the grandparent deeming provision to children whose 18 year old parents cannot themselves qualify as dependent children within the meaning of section 406(a)(2) of the Act.

## DISCUSSION

### A. The Motions for Summary Judgment[7]

Both sides agree that the sole issue is whether the Secretary's interpretation of the language in section 402(a)(39), "under the age selected by the State pursuant to § 406(a)(2)", is consistent with the intent of Congress. The Secretary argues that Congress did not intend to include the school attendance requirement of section 406(a)(2) because the language of section 402(a)(39) refers only to age. She notes that section 402(a)(38) was enacted at the same time as section 402(a)(39), but contained a different reference to section 406(a). She asserts that section 402(a)(38) specifically incorporates all the requirements of 406(a) by the language, "meets the conditions described in clause (1) and (2) of section 406(a)". Section 402(a)(39), on the other hand, refers only to age: "is under the age selected by the State pursuant to section 406(a)(2)."

The Secretary argues that Congress deliberately omitted the school attendance re-

---

**6.** Plaintiff Morrison's parents receive monthly gross income of approximately $955 from employment and a disability pension. Of this total amount, $75 is allocated to payment of Mrs. Morrison's employment expenses, and $258 is allocated to pay the monthly living expenses of Mr. and Mrs. Morrison. The remaining balance ($622) is assumed to be available to meet the monthly needs of plaintiff Morrison and her two children. Because this amount exceeds the

Minnesota Standard of Need for a family consisting of one adult and two children ($431), plaintiff Morrison's AFDC benefits were terminated.

**7.** Because matters outside the pleadings have been submitted and considered, the Secretary's motion should be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b)(6).

quirement to avoid discriminating against the dependent child of an 18 year old parent who remained in school. Under the plaintiff's interpretation, the Secretary alleges that this child, unlike the child of an 18 year old parent who is not going to school but who lives at home, would have its need for AFDC determined by including the grandparent's income. According to the Secretary, this discriminatory result would create a powerful disincentive against the parent finishing school in her 18th year. The Secretary contends that the public policy purpose of the state school attendance option would thus be defeated, since the parent may have to choose between school and monthly public assistance benefits.

In addition, the Secretary contends that plaintiff's argument incorrectly focuses on the eligibility of the minor parent for AFDC, whereas the grandparent deeming provision is concerned with the need of the minor's dependent children. The Secretary asserts that her interpretation is not unfair to a child whose minor mother is 18, does not attend school but lives with the child's grandparents. This child is assumed to benefit from the grandparent's income and the income the young mother—no longer a dependent or in school—can earn for herself and her family.

Finally, the Secretary argues that her interpretation of a statute she is charged with administering deserves great deference and should be affirmed if it has a reasonable basis.

Plaintiff, by contrast, argues that the Secretary's regulation is void because it applies the deeming provision to parents who are not "minors" or "under the age selected by the state pursuant to § 406(a)(2)." Plaintiff contends that the intent of Congress was to limit its deeming rule to minor parents selected by the state to be eligible for AFDC. This can be seen from the use of the word "minor" and reference to the dependent child standard of section 406(a)(2). She asserts that section 406(a)(2) requires not merely "under age 19", but rather, "under age 19 *and* a

full-time student in a secondary school" (emphasis added), and that Congress incorporated this unitary requirement exactly as written.

Plaintiff argues that the legislative history of the AFDC amendments supports her position. She contends that Congress intended to limit the grandparent-deeming to three-generation households which contain a very young parent, as indicated by frequent references in the Congressional reports which describe the parent as a "minor", "child", or "teenage parent." Moreover, she argues that the purpose of the AFDC changes was to eliminate the "child-only" grant. This one-person grant was previously awarded to a grandchild even though the grandparents, as required by state law, were supporting their minor child, the grandchild's parent, and could possibly have supported the grandchild as well. Plaintiff argues that since the duty of parental support ends when a child becomes 18, there is no possibility in her case of a "one person" grant. Further, plaintiff argues that the primary goal of AFDC is to provide adequate economic protection for dependent children. She asserts that the deeming provision does not further this goal because it requires dependent children to look to grandparents who no longer have the legal duty of support.

Plaintiff also argues that the Secretary's interpretive regulation is entitled to little deference because it was not considered thoroughly and it conflicts with other regulations.

The starting point for interpreting a statute is the express language of the provision itself. *Consumer Products Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). The crucial phrase in section 402(a)(39) is "under the age selected by the State pursuant to § 406(a)(2)." Section 406(a)(2) establishes the maximum age under which a child can qualify for AFDC benefits. Section 406(a)(2)(B) grants the states some flexibility in setting this maximum age. A state may limit assistance to those who are 17 years of age or younger,

or it may choose to offer assistance to 18 year old children who continue in school on a full-time basis and are expected to graduate before they reach the age of 19. A state may not, however, elect to provide AFDC to all 18 year old children who are needy. It may not ignore the school attendance requirement when opting to provide AFDC to 18 year olds. By reference to section 406(a)(2), Congress clearly intended to limit the consideration of grandparent income to the dependent children of parents who met the "age requirement" under the Act. School attendance is an inseparable part of this age requirement when states choose to provide AFDC benefits to 18 year olds. The Secretary's reading of the statute ignores the function of section 406(a)(2) and assumes the availability of a state option which does not exist.

In addition to satisfying the express language of section 402(a)(39), plaintiff's interpretation best harmonizes the separate provisions of the AFDC program in light of the legislative purpose in enacting the program. It is well-established that income and resources are to be considered available to an AFDC assistance unit only when such income and resources are shown to be actually available. *See* 42 U.S.C. § 602(a)(7). The Secretary's own regulations implement this section and provide:

> Net income ... and resources available for current use shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance. 45 C.F.R. § 233.20(a)(3)(ii)(D).

The Supreme Court has noted that the purpose of 42 U.S.C. § 602(a)(7) and its implementing regulation is to assure "that the amount of assistance actually paid is based on the amount needed in the *individual*

case" and "upon an assessment of the particular individual's available income and resources." *Shea v. Vialpando*, 416 U.S. 251, 261–62, 94 S.Ct. 1746, 1754, 40 L.Ed.2d 120 (1974). *See also Owens v. Heckler*, 753 F.2d 675 (8th Cir.1985).

The provisions of section 402(a)(39) create an exception to the "actually available" rule and allow the deeming of a parent's income to specific groups of AFDC applicants, those "under the age selected by the State pursuant to § 406(a)(2)." The Secretary seeks to interpret that exception broadly to require the deeming of the parent's income not only to those persons who are eligible to receive AFDC as children under the program, but also to an additional group who cannot under any circumstances receive AFDC as children. By her choice of the broad rather than narrow interpretation of the statutory language, the Secretary has greatly increased the number of persons whose eligibility for AFDC will be restricted because of the counting of income that is not actually available nor legally required.

Section 402(a)(39) is an exception to a remedial statute and should therefore be narrowly construed. The Supreme Court in *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945) declared that:

> Any exemption from such humanitarian and remedial legislation must ... be narrowly construed, giving due regard to the plain meaning of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people. 334 U.S. at 493.

In the instant case, the Secretary herself, in her preface to the interim rule, expresses some doubt concerning her decision to disregard the school attendance portion of section 406(a)(2)(B)'s requirements.[8] More-

---

8. The Secretary's preamble to the rule states in pertinent part:

> We had to consider three additional issues in writing these regulations. First, whether the minor must meet the school attendance re-

quirements in a state that provides assistance to dependent children through age 18 provided they are expected to graduate before age 19. Based on the language of the statute which refers only to age and not to the school

over, the Secretary has not demonstrated that the legislative history supports her view. On the contrary, review of the legislative history supports plaintiff's interpretation of the amendment.

Congressional committee reports repeatedly focused on the need to eliminate the "one-person" or "child only" grant. This grant was the result of state financial responsibility laws. In Minnesota, for instance, a parent is legally responsible for the needs of a child until she reaches 18 years of age, but is not responsible for a grandchild even though the grandchild's parent is under age 18. *Minn.Stat.* § 256.-87. Accordingly, the minor parent is excluded from the AFDC program if the minor's parents are capable of supporting her. Prior to passage of the DRA, however, the grandchild could receive a separate "one-person" grant of $246 even if the grandparents were wealthy.

Congress corrected this situation by requiring the states to consider income that was available to the "minor parent" to be also available to the grandchild. Thus, the Conference Committee of the House stated that under the amendment "the income of the minor's parents would be counted as available to the filing unit". H.Rep. No. 98–861, 98 Cong. 2nd Sess. 1401 (1984), U.S.Code Cong. & Admin.News 1984, p. 1401. Congress' assumption that the grandparents' income was available to the "filing unit" did not change the position of the "minor parent." Congress assumed throughout its deliberation that the "minor parent" remained the legal responsibility of the grandparents. The amendment did change calculation of income for the grandchild, however. Income and resources available to a "minor parent" by virtue of state law now were assumed available to the grandchild. Thus, the grandparents' resources are attributed to their child to whom they owe the duty of support, and through her to the grandchild. If the grandparents have sufficient income to support both the minor parent and her child, then AFDC benefits are denied. If the grandparents are unable to support both the minor parent and the grandchild, then both children qualify together for AFDC as a two-person unit. In either event, the "one-person" grant is eliminated.

The committee reports repeatedly refer to the "minor" parent as excluded from AFDC eligibility because "she is supported by her parents." The "support" that was contemplated by Congress was probably not the provision of actual cash or other liquid resources, for Congress noted that the "minor" mother, although supported by her parents, "has no income of her own which may be attributed to her child...." Congress intended that the "support" provided by state financial responsibility laws be "counted as available to (both members of) the filing unit." H.Rep. No. 98–861, 98th Cong. 2nd Sess. 1401 (1984).

The Secretary's definition of "minor" parent is flawed, for it includes persons who cannot themselves receive AFDC aid and to whom no duty of parental support is owed. The Secretary has therefore required that income and resources be deemed available to parents like the plaintiff when they do not have "the legal ability to make such sum available for their support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D). The Secretary's rule requires the counting of "income" that has never before been counted as available to either plaintiffs or their children. Legislative history demonstrates that it was not Congress' intention to depart so sharply from traditional concepts of availability. Instead, Congress enacted this amendment to require the attribution of support from a "minor parent" to her dependent child. The change intended was the deeming of income *within* the assistance unit, not the deeming of previously uncounted income from *outside* the assistance unit.

To be sure, in a few cases, application of section 402(a)(39) requires deeming of

---

attendance portion of the requirement, we have decided that in such states the provision applies to such minors up to age 19, regard-less of school attendance. 49 Fed.Reg. 35586, 35593 (September 10, 1984).

grandparents' income to 18 year old parents even though there is no parental duty of support.[9] This result is unavoidable because the "age requirement" of section 406(a)(2) and state law concerning age of majority do not coincide. Consideration of the fundamental purpose of the AFDC program, however, requires a narrow interpretation of section 402(a)(39) to minimize the frequency of such cases.

The basic purpose of the AFDC program is to provide financial assistance to needy children who are not adequately protected by state-imposed laws of child support. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). This fundamental purpose has been carefully protected in a long line of cases ruling against attempts to reduce the provision of AFDC assistance based upon the assumption that some other source of income was available to the dependent child.[10] The children of these adult parents are similarly unprotected by state imposed laws of child support, and are entitled to claim the financial assistance offered by the AFDC program.

The Secretary urges the court to uphold her regulation because it encourages 18 year old parents to stay in secondary school on a full time basis. The net effect of the Secretary's regulation, however, may actually decrease school attendance. If her interpretation prevails, 18 year olds might then move out of their parent's homes to regain their AFDC benefits, making school attendance on a full-time basis

unlikely. Moreover, nothing in the legislative or administrative history addresses the question of school attendance. While Congress gave the states an opportunity to encourage schooling by enacting section 406(a)(2), it remained essentially neutral. Minnesota has not argued that the plaintiff's interpretation has a negative impact on school attendance.

The Secretary also argues that deference to her position is required. In *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983), the Supreme Court states, however:

> When an agency's decision is premised on its understanding of a specific congressional intent, ... it engages in the quintessential judicial function of deciding what a statute means. In that case, the agency's interpretation, particularly to the extent it rests on factual premises within its expertise, may be influential, but it cannot bind a court.

104 S.Ct. at 444–445, n. 8. The weight to be given to an administrative agency depends upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those facts which give it power to persuade." *General Electric Company v. Gilbert*, 429 U.S. 125, 142, 97 S.Ct. 401, 411, 50 L.Ed.2d 343 (1976). In the instant case, the Secretary issued these rules without the benefit of public comment. Her interpretation, by

---

**9.** For example, 18 year old parents who live with parents and attend secondary school on a full time basis and are expected to graduate by age 19 will have their children's AFDC benefits determined by including the income of their parents.

**10.** *See King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968) (striking down a state regulation which denied benefits to the dependent children of a woman cohabitating with a man, regardless of whether the man was legally responsible for the children or, in fact, contributed to the support of the children); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970) (striking down similar state statute that assumed support from a stepparent to a dependent child); *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975)

(striking down state statute which denied benefits to dependent children of woman permitting lodger to stay with family, regardless of whether lodger actually contributed to the support of the children); *McCoog ·v. Hegstrom*, 690 F.2d 1280 (9th Cir.1981) (invalidating state rule that reduced AFDC grants based upon residence in the same household of a non-legally responsible relative). *See also Owens v. Heckler*, 753 F.2d 675 (8th Cir.1985). (The Secretary's policy of reducing a family's AFDC grant by the amount of Old Age, Survivors, and Disability Insurance extended student benefits, 42 U.S.C. § 401 *et seq.*, received by a caretaker relative, without regard for whether the student benefits were actually needed for educational expenses, violates federal law and regulations.)

deeming income from grandparents to adult children, is not consistent with long-standing policy. *See, e.g.,* 45 C.F.R. §§ 233.20(a)(2)(viii), 233.90(a)(1). Moreover, as previously discussed, the Secretary's position is not supported by legislative history and conflicts with congressional purpose. Accordingly, such an interpretation must be rejected. *See Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979); *Townsend v. Swank,* 404 U.S. 282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971); *King v. Smith,* 392 U.S. 309, 333, 88 S.Ct. 2128, 2141, 20 L.Ed.2d 1118 (1968).

*B. Class Certification*

Apart from opposing the expansion of plaintiff's class for lack of typicality, the Secretary has not challenged any of the other requirements of Fed.R.Civ.P. 23. For reasons already stated in the Memorandum Opinion and Order dated December 10, 1984, plaintiff's class satisfies the requirements of Fed.R.Civ.P. 23(a) and (b).

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion for dismissal or summary judgment is denied.

2. Plaintiff's motion for class certification is granted. The class is defined as all parents in the State of Minnesota who reside in the same homes as their parents, are 18 years of age and are either not full-time students at a secondary school or its equivalent or, if presently attending secondary school, are not reasonably expected to complete their school program before obtaining age 19.

3. Plaintiff's motion for summary judgment is granted, and it is hereby declared that the "interim final rule", codified at 45 C.F.R. § 233.20(a)(3)(xviii), is inconsistent with and not authorized by the Social Security Act, 42 U.S.C. § 602(a)(39), and is therefore invalid.

4. Defendants are enjoined from applying 42 U.S.C. § 602(a)(39) to any member of plaintiff's class.