Stella **MORRISON, et al., Appellees,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.**

No. 85–5098.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1985.

Decided April 11, 1986.

Deborah Kant, Washington, D.C., for appellant.

Berry Friesen, St. Paul, Minn., for appellees.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and McMANUS,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

The Secretary of Health and Human Services appeals a decision by the district court[1] invalidating a regulation issued by the Secretary which orders the disregard of student status of a minor parent of dependent children in determining whether the family qualifies for assistance under the

---

* The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

Aid to Families with Dependent Children (AFDC) program. Because we believe the district court correctly concluded that the regulation rests on a misreading of the statute it interprets and frustrates the congressional purpose in creating the AFDC program, we affirm.

Congress enacted the AFDC statutes, 42 U.S.C. §§ 601–615 (1982 & West Supp. 1985), to help the states provide financial assistance to needy, dependent children and the parents or relatives who live with and care for them. 42 U.S.C. § 601 (1982). States that choose to participate in the program are required to comply with federal requirements, 42 U.S.C. § 602 (1982 & West Supp.1985), and in return are partly reimbursed for their costs. 42 U.S.C. § 603 (1982 & West Supp.1985). The statutes do, however, leave considerable discretion to the states to determine the standard of need and the level of benefits. *Shea v. Vialpando*, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974).

To qualify for AFDC, a family must contain children who meet certain age and need requirements. The state is permitted some latitude in selecting the age requirement. Under the AFDC statutes, the state may limit program eligibility to needy children who are under 18 years of age. The state may, however, at its option, extend eligibility to needy children under the age of 19 who are full-time students in a secondary school. 42 U.S.C. § 606(a)(2) (1982).[2]

In determining whether a child is needy, the statutes require the state to consider all available income and resources of the child and the relative who claims AFDC eligiblity along with the child. 42 U.S.C. § 602(a)(7)(A) (1982 & West Supp.1985). This calculus, in the past, had been limited to funds available in fact to a child for current use and on a regular basis. *Lewis v. Martin*, 397 U.S. 552, 555, 90 S.Ct. 1282, 1283–84, 25 L.Ed.2d 561 (1970). With the passage of section 2640 of the Deficit Reduction Act of 1984, 42 U.S.C. § 602(a)(39) (1982 & West Supp.1985), the pool of funds deemed available in determining need was enlarged to include certain income of the dependent child's grandparents if the child's parent is a minor and if the family lives with the grandparents. For the purpose of this grandparent deeming provision, a parent is considered a minor if "under the age selected by the State" to determine who is eligible for dependent child status pursuant to section 606(a)(2). 42 U.S.C. § 602(a)(39).[3]

Following the enactment of the grandparent deeming statute, the Secretary announced a regulation to implement the statute, the validity of which is at issue here. The regulation, echoing the statute, provides that the income of grandparents be considered for AFDC purposes if the dependent child's parent is under the AFDC eligibility age selected by the state and therefore a minor within the meaning of the statute. The regulation further provides, however, that the age selected by the state be looked to without regard to school attendance.[4] As a result, in states which

2. 42 U.S.C. § 606(a)(2) limits AFDC eligibility to deprived children who are:
(a) under the age of 18, or (b) at the option of the State, under the age of 19 and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains the age 19, he may reasonably be expected to complete the program of such secondary school (or such training).

3. 42 U.S.C. § 602(a)(39) reads in part:
A State plan for aid and services to needy families with children must * * * (39) Provide that in making the determination * * * [of need] with respect to a dependent child whose parent or legal guardian is under the age selected by the State pursuant to § [6]06(a)(2), the State agency shall (except as otherwise provided in this part) include any income of such minor's own parents or legal guardian who are living in the same home as such minor and dependent child * * *.

4. The interim final rule contained the following definition of the term "minor":
For AFDC, in the case of a dependent child whose parent * * * is a minor, i.e., under the age selected by the State pursuant to § 233.90(b) (*without regard to school attendance*), the State shall count as income to the assistance unit the income * * * of such minor's own parent(s) * * * living in the same household as the minor and the dependent child.

opt to extend AFDC benefits to children under 19 who are full-time students, all parents under 19, regardless of their school attendance, are defined as minors for purposes of the grandparent deeming statute. Since grandparents'' income is deemed available to the minor parent's children when the minor parent and the children live with the grandparents, some previously eligible families headed by parents between the ages 18 and 19 become ineligible for assistance under the AFDC program.

Stella Morrison, a Minnesota resident, is such a parent.[5] She is an 18 year old mother of two children and not a student. The sole means of support for the Morrison family is an AFDC payment of $524 a month. At one time Morrison lived apart from her parents. Now, however, because of health problems that she and her younger child have suffered since that child's birth, the family lives with Morrison's parents.

Minnesota is a state that exercises the option offered in section 606(a)(2) to grant students younger than 19 eligibility for AFDC benefits. Because the Secretary's regulation interpreting the statute uses the state selection under section 606(a)(2) to determine who is a minor parent, but disregards student status, Morrison was defined as a minor parent and her parents' resources were deemed available to Morrison's children. As a result, the family was judged to be no longer eligible under the AFDC program, and assistance was terminated.

The Secretary argues that the language of the grandparent deeming statute, which refers to age but not to school attendance, its legislative history, and its underlying purpose, to curb government spending, clearly establish that the Secretary's interpretation, as reflected in the regulation, is correct. The Secretary thus charges that the district court's invalidation of the regulation is erroneous.

The district court, in a thoughtful opinion, *Morrison v. Heckler*, 602 F.Supp. 1485 (D.Minn.1985), soundly put to rest the Secretary's complaints:

> A state may limit assistance to those who are 17 years of age or younger, or it may choose to offer assistance to 18 year old children who continue in school on a full-time basis and are expected to graduate before they reach the age of 19. A state may not, however, elect to provide AFDC to all 18 year old children who are needy. It may not ignore the school attendance requirement when opting to provide AFDC assistance to 18 year olds. By reference to section [6]06(a)(2), Congress clearly intended to limit the consideration of grandparent income to the dependent children of parents who met the 'age requirement' under the Act. School attendance is an inseparable part of this age requirement when states choose to provide AFDC benefits to 18 year olds. The Secretary's reading of the statute ignores the function of section [6]06(a)(2) and assumes the availability of a state option which does not exist.

*Id.* at 1488–89.

We conclude that the arguments made by the Secretary have been fully answered in the well-reasoned opinion of the district court. We further conclude that the arguments raised on this appeal do not pose issues that have not been fully and accurately resolved by the district court's opinion. We therefore affirm on the basis of that opinion. *See* 8th Cir.R. 14.

---

45 C.F.R. § 233.20(a)(3)(xviii) (emphasis added).

**5.** Morrison brought this action on behalf of a class certified by Judge Murphy prior to trial. The class is defined as all parents in the State of Minnesota who reside in the same homes as their parents, are 18 years of age, and are either not full-time students of a secondary school or its equivalent or, if currently attending secondary school, are not reasonably expected to complete their school program before obtaining the age 19.