Julie DRIESENS, Denise Pott, and Evelyn Sandford, on Behalf of themselves and all others similarly situated, and Wendy Van Beek, Plaintiffs,

v.

Otis R. BOWEN, Secretary United States Department of Health and Human Services and Agnes M. Mansour, Director, Michigan Department of Social Services, Defendants.

No. G85–410.

United States District Court, W.D. Michigan.

July 24, 1986.

Legal Aid of Western Michigan by Michael O. Nelson, Grand Rapids, Mich., for Wendy VanBeek and Michael O. Nelson.

Frank J. Kelley, Atty. Gen. by Erica Weiss Marsden, Asst. Atty. Gen., Lansing, Mich., for Agnes M. Mansour.

John A. Smietanka, U.S. Atty. by Daniel M. LaVille, Asst. U.S. Atty., Grand Rapids, Mich., for Margaret M. Heckler.

ENSLEN, District Judge.

## OPINION

This case involves an aspect of the grandparent income-deeming rule found in section 402(a)(39) of the Social Security Act. 42 U.S.C. § 602(a)(39). Specifically, the Court must determine whether the State defendant, acting pursuant to the grandparent income-deeming rule and an implementing regulation promulgated by the United States defendant, may deny benefits under the Aid to Families with Dependent Children ("AFDC") and Medicaid programs to certain eighteen year old parents or pregnant women in the State of Michigan who do not attend a secondary school or a qualified vocational education program. Presently pending before the Court on this issue are plaintiffs' February 12, 1986 motion for judgment on the pleadings or summary judgment; defendant Mansour's March 5, 1986 motion for judgment on the pleadings or summary judgment; and defendant Bowen's March 17, 1986 motion for summary judgment.

On March 20, 1986 the Court stayed any action on this case pending the Eighth Circuit's decision in the case of *Morrison v. Heckler*. The Eighth Circuit issued a decision in *Morrison* on April 11, 1986, *Morrison v. Heckler*, 787 F.2d 1285 (8th Cir. 1986), and the Court is prepared to decide the parties' motions. For the reasons discussed below, the Court will grant plaintiffs' motion for judgment on the pleadings or summary judgment, deny defendants' motions for judgment on the pleadings and/or summary judgment, and enter judgment for the plaintiffs.

## Background of the Case

Plaintiffs filed suit on May 2, 1985, alleging that defendant Mansour's policy of considering the income of the parents of parents who are a) under age twenty-one and unmarried, b) living in the same home as their parents, and c) requesting aid on behalf of a dependent child, in determining the parent's and the dependent child's eligibility for AFDC and AFDC-related Medicaid violates 42 U.S.C. §§ 602(a)(7), 602(a)(10), 602(a)(39), & 1396a(a)(17)(D), and 42 C.F.R. §§ 435.113 & 435.602. They also alleged that defendant Bowen's policy, as promulgated at 45 C.F.R. § 233.20(a)(3)(xvii), of requiring that states consider the income of the parents of parents who are a) eighteen years of age, b) not attending secondary school or its vocational equivalent, c) living in the same home as their parents, and d) requesting aid on behalf of a dependent child, in determining the parent's and the dependent child's eligibility for AFDC violates 42 U.S.C. § 602(a)(39). Plaintiffs requested that the Court certify an appropriate class and enter declaratory and injunctive relief compelling defendants to cease their unlawful conduct.

On December 17, 1985 the Court entered an Order for Partial Consent Judgment with regard to plaintiffs' claims against defendant Mansour that provided that such defendant would change the AFDC and Medicaid policy of the State of Michigan "to provide that, for purposes of determining eligibility for AFDC and AFDC-related Medicaid, the income or resources of a grandparent(s) will not be 'deemed' available to a parent who is applying for, or receiving, AFDC or Medicaid benefits on behalf of herself [or himself] and her minor children, when the parent is 19 years of age or older." Order for Partial Consent Judgment, December 17, 1985, at 1–2. On May 22, 1986 the Court certified the following amended class:

> All parents or pregnant women in the State of Michigan who are eighteen (18) to twenty-one (21) years of age, live with their parents, and who have been or will be denied Aid to Families with Dependent Children ("AFDC") or Medical Assistance benefits, or whose Aid to Families with Dependent Children or Medical Assistance benefits have been or will be reduced, because of the income or assets of their parents. This class does not include parents or pregnant women in the State of Michigan who are eighteen (18) to nineteen (19) years of age and who attend secondary school or a qualified vocational education program, and who may reasonably be expected to complete the program of such secondary school or training before attaining the age of nineteen (19).

Order Amending Class Certification, May 22, 1986. Due to the partial consent judgment entered December 17, 1985, and the nature of the federal defendant's regulation on this issue, this case really concerns the AFDC eligibility of the dependent children of those parents who are eighteen years of age, do not attend school full-time, and live with their parents.

## Standard for Decision

The standard in this circuit for deciding motions for summary judgment is well-known and will not be discussed here. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Watkins v. Northwestern Ohio Tractor Pullers Association*, 630 F.2d 1155, 1158 (6th Cir.1980); *see* Federal Rules of Civil Procedure 56(c). The parties agree that there are no contested issues of fact and that the Court may properly decide this case on their motions for judgment on the pleadings or summary judgment. Pretrial Order, entered March 11, 1986, at 3. They also agree that the single contested issue of law is whether federal law authorizes "grandparent deeming where the parent is between 18 and 19 years of age and does not attend secondary school or equivalent vocational education." *Id.*

## Discussion

Section 402(a)(39) of the Social Security Act states that:

> A State plan for aid and services to needy families with children must—(39)

provide that in making the determination under paragraph (7) [regarding income and resources the State shall consider in determining a claimant's eligibility] with respect to a dependent child whose parent or legal guardian is under the age selected by the State pursuant to section 606(a)(2) of this title, the State agency shall (except as otherwise provided in this part) include any income of such minor's own parents or legal guardians who are living in the same home as such minor and dependent child, to the same extent that income of a step-parent is included under paragraph (31).

42 U.S.C. § 602(a)(39). Section 602(a)(39), the so-called grandparent income-deeming provision of the Social Security (AFDC) Act, thus provides that with respect to any dependent child applying for benefits whose parent is under the age provided for in section 606(a)(2) of Title 42, the state shall consider the income of such child's grandparents, provided the child and his or her parent are living in the same home as the grandparents, in determining the child's eligibility for benefits. Section 606(a) of Title 42 provides in pertinent part as follows:

When used in this part—

(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home ... or physical or mental incapacity of a parent ... and (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training).

42 U.S.C. § 606(a).

Section 602(a)(39)'s reference to section 606(a)(2)'s age requirement thus arguably means that a state may apply the grandparent income-deeming provision, provided the provision's other requirements are also satisfied, only to dependent children whose

parents are either a) under the age of eighteen, or, if the state selects this option, b) under the age of nineteen and meet the applicable educational requirements. The Secretary of Health and Human Services, however, has adopted a different interpretation of section 602(a)(39)'s reference to section 606(a)(2). He has required states to apply this section as follows:

(a) ... A State Plan for ... AFDC ... must, as specified below ... (3) ... (xviii) For AFDC, in the case of a dependent child whose parent or legal guardian ... is a minor, i.e., under the age selected by the State pursuant to § 233.90(b) [which implements section 606(a)(2)'s age requirement] (*without regard to school attendance*), [provide that] the State shall count as income to the assistance unit the income, after appropriate disregards, of such minor's own parent(s) or legal guardian(s) living in the same household as the minor and dependent child.

45 C.F.R. § 233.020(a)(3)(xviii) (emphasis added). Thus, in Michigan, which has selected the option of providing AFDC to the children of parents who are under the age of nineteen and attending school, the child of a parent who is age eighteen and does not meet the school attendance requirement of section 606(a)(2) may still be subject to section 602(a)(39)'s grandparent income-deeming rule. *See* Pretrial Order at 2–3 (indicating that the state "currently applies the grandparent deeming policy where the parent is under age 19 regardless of whether such parent attends secondary school or equivalent vocational education" and stating that such application of the policy "is required by the U.S. Department of Health and Human Services").

Plaintiffs attack the Secretary's interpretation of section 602(a)(39), as expressed in the regulation promulgated in 45 C.F.R. § 233.20(a)(3)(xviii), as being contrary to both the plain meaning of section 602(a)(39) and Congress' intent in enacting the section, and thus invalid. The Secretary vigorously defends his regulation as being in accord with the plain meaning of section 602(a)(39), Congress' intent in enacting the statute, and the statute's legislative history, and concludes that the Court should

defer to his reasonable interpretation of the statute's meaning. He also argues that the opinion of the District Court for the District of Minnesota in *Morrison v. Heckler,* 602 F.Supp. 1485 (D.Minn.1985), *aff'd,* 787 F.2d 1285 (8th Cir.1986), in which the court held that the Secretary's interpretation of section 602(a)(39) "is not supported by legislative history and conflicts with congressional purpose" and thus is invalid, *id.* at 1492, is erroneous because it "involve[s] serious misconceptions of the congressional action which culminated in the grandparent deeming provision." Memorandum of the Secretary of Health and Human Services in Opposition to Plaintiffs' Motion for Summary Judgment at 15; *see id.* at 15–21 (critique of the court's decision).

The Court has considered carefully the parties' memorandums of law and the decisions of the Court of Appeals for the Eighth Circuit and the District Court for the District of Minnesota in *Morrison.* As the Court noted previously, this case presents purely an issue of law: whether the Secretary properly interpreted section 602(a)(39) in the regulation promulgated at 45 C.F.R. § 233.20(a)(3)(xviii). The courts in *Morrison* ruled on this exact issue. Although the Secretary has filed a cogent critique of the district court's decision in *Morrison,* I believe, as did the Eighth Circuit, that Judge Murphy's decision was correct. The Court sees no need to reiterate her analysis, or the analysis of the Eighth Circuit. It suffices to note that I agree that " '[b]y reference to section [6]06(a)(2), Congress clearly intended to limit the consideration of grandparent income to the dependent children of parents who met the 'age requirement' under the Act [and that] [s]chool attendance is an inseparable part of this age requirement when states choose to provide AFDC benefits to 18 year olds.' " *Morrison,* 787 F.2d at 1287, *quoting* 602 F.Supp. at 1489.

The Court thus finds that the Secretary's interpretation of section 602(a)(39) is invalid, and will issue an appropriate order. Plaintiffs shall have twenty (20) days from the date of such order to submit an appropriate application for attorneys' fees.

## JUDGMENT ORDER

In accordance with the opinion dated July 24, 1986;

IT IS HEREBY ORDERED that plaintiffs' motion for judgment on the pleadings or summary judgment is GRANTED;

IT IS FURTHER ORDERED that defendant Mansour's motion for judgment on the pleadings or summary judgment is DENIED;

IT IS FURTHER ORDERED that the motion of the Secretary of Health and Human Services for Summary Judgment is DENIED;

IT IS FURTHER ORDERED that the regulation codified at 45 C.F.R. § 233.-20(a)(3)(xviii) is inconsistent with and not authorized by the Social Security Act, 42 U.S.C. § 602(a)(39), and hence is invalid;

IT IS FURTHER ORDERED that defendants are enjoined from applying 42 U.S.C. § 602(a)(39) to members of the plaintiff class;

IT IS FURTHER ORDERED that plaintiffs shall submit an appropriate application for attorneys' fees within twenty (20) days of the date of this Order.