Annette KALI and Valeska K. Wise, individually and on behalf of all persons similarly situated, Plaintiffs-Appellees,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services; Franklin Sunn, Director of the Department of Social Services and Housing, State of Hawaii, Defendants-Appellants.

No. 85–2643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1986.

Decided Sept. 26, 1986.

972

Ronald Albu, Kaneohe, Hawaii, for plaintiffs-appellees.

Thomas D. Farrell, Deputy Atty. Gen., Honolulu, Hawaii, Carl B. Mitchell, Asst.

Regional Counsel Dept. of Health & Human Services, San Francisco, Cal., for defendants-appellants.

Before BROWNING, Chief Judge, FLETCHER and NELSON, Circuit Judges.

PER CURIAM:

Appellants Otis Bowen, Secretary of Health and Human Services,[1] and Franklin Sunn, Director of the Hawaii Department of Social Services and Housing, appeal the district court's summary judgment for the plaintiff class in its action under 42 U.S.C. § 1983 (1982). Subject matter jurisdiction exists under 28 U.S.C. § 1331 (1982). The plaintiff class challenges federal and state regulations that the appellants promulgated, claiming the regulations exceed the scope and intent of the enabling statute, 42 U.S.C. § 602(a)(39),[2] part of the Deficit Reduction Act. This provision changed the conditions of eligibility for benefits under state Aid to Families with Dependent Children (AFDC) programs for certain "three-generation" families living together.

The statute requires that in evaluating the need of the grandchild in such families, the state must take into account the income of the grandparent when the grandchild's parent is "under the age selected by the State pursuant to section 606(a)(2) of this title." Section 606(a)(2) states the age requirement for dependency under the AFDC program: all children under eighteen are dependent, and states are given the option of extending dependency to eighteen-year-olds who are full-time students expected to complete schooling before nineteen. 42

1. Since the filing of this action, Otis Bowen has succeeded Margaret Heckler as Secretary of Health and Human Services and is substituted as a party pursuant to Fed.R.App.P. 43(c)(1).

2. 42 U.S.C. § 602(a)(39) states:
   (a) A State plan for aid and services to needy families with children must— ... (39) provide that in making the determination ... [of need] with respect to a dependent child whose parent or legal guardian is *under the age se-*

*lected by the State pursuant to section 606(a)(2) of this title,* the State agency shall (except as otherwise provided in this part) include any income of such minor's own parents or legal guardians who are living in the same home as such minor and dependent child, to the same extent that income of a stepparent is included under paragraph (31). (Emphasis added.)

U.S.C. § 606(a)(2) (1982).[3]  Hawaii has selected this second option.  Hawaii Administrative Rule § 17–640–4.

Both the federal government and the state of Hawaii have enacted regulations that construe section 602(a)(39) as applying to parents classified as minors under the regulations implementing section 606(a)(2), "without regard to school attendance."[4] The effect is that the grandparent's income is deemed available to the dependent grandchild in all three-generation families living together in which the intermediate parent is eighteen, rather than only in those families where the eighteen-year-old parent satisfies the school attendance requirement.

The plaintiff class consists of eighteen-year-old parents in Hawaii who are either not full-time students or not reasonably expected to complete their school program before reaching nineteen, who live in the same home as their parents, and whose AFDC benefits have been or will be reduced, terminated or denied under these regulations.  The class brought an action under 42 U.S.C. § 1983, challenging the federal and Hawaii regulations as exceeding the scope and intent of section 602(a)(2), (39).  The district court granted the class's motion for summary judgment, declared that the federal regulation was invalid, and permanently enjoined defendants from enforcing the federal and the Hawaii regulation.

We affirm the judgment, adopting the reasoning of the district court in *Morrison*

*v. Heckler,* 602 F.Supp. 1482 (D.Minn.1984), *aff'd,* 787 F.2d 1285 (8th Cir.1986).

AFFIRMED.

---

**3.** 42 U.S.C. § 606(a)(2) states:
(a) The term "dependent child" means a needy child ... (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training)....

**4.** *See* Hawaii Administrative Rule § 17–621–3(e) ("For AFDC, in the case of a dependent child whose parent or legal guardian ... is a minor as specified in section 17–640–4 (*without regard to school attendance*), the State shall count as in-

come to the assistance unit the income, after appropriate disregards, of that minor's own parent or legal guardian living in the same household as the minor and dependent child.") (emphasis added);  45 C.F.R. § 233.20(a)(3)(xviii) ("For AFDC, in the case of a dependent child whose parent or legal guardian (as defined under State law) is a minor, i.e., under the age selected by the State pursuant to § 233.90(b) (*without regard to school attendance*), the State shall count as income to the assistance unit the income, after appropriate disregards, of such minor's own parent(s) or legal guardian(s) living in the same household as the minor and dependent child.")  (emphasis added).