**Ralph H. and Jackie C. MINOR, residents of the State of Washington, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–4159.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided Aug. 13, 1986.

Robert G. Moch, Michael D. Kuntz, Roberts & Shefelman, Seattle, Wash., for plaintiffs-appellants.

Michael J. Roach, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.

### ORDER

This appeal challenges the refusal of the district court to tax attorneys' fees against the United States under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) on the ground that the position of the United States was substantially justified in this test case involving an important and doubtful issue of tax law. The opinion on the merits is reported at 772 F.2d 1472 (9th Cir.1985).

The EAJA was intended to facilitate the efforts of private parties to vindicate their rights when confronted with arbitrary actions by representatives of the government, without at the same time discouraging the type of vigorous advocacy on the part of government counsel which Congress felt was essential to the enforcement of federal law. Accordingly, Congress established a standard of substantial justification for determining whether the government should be held liable for its opponents attorneys' fees when it loses a case. As the House Committee Report on the EAJA makes clear, this standard is "essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. at 10 ([1980] 5 U.S.Code Cong. & Ad.News 4953, 4984, 4989).

The district court in this case found that the position of the United States was substantially justified. In particular the court found that the issues presented by the government were not "subject to resolution by clear, controlling precedent," and that this was a test case whose outcome would resolve a large number of similar disputes then pending administratively. This determination is reviewable only for abuse of discretion. *See e.g., Rawlings v. Heckler*, 725 F.2d 1192, 1194 (9th Cir.1984). Manifestly, the district court did not abuse its discretion in finding that the government was substantially justified in seeking judicial resolution of the important, and doubtful, question of tax law presented in this case.

We affirm the district court order. Each party is to pay its own costs in this court.