**Harold THOMAS, et al., Plaintiffs–Appellants,**

v.

**R. Max PETERSON, in his official capacity as Chief of the United States Forest Service, Defendant–Appellee,**

**and**

**Inland Forest Resource Council, a Montana corporation, et al., Defendants–Intervenors.**

No. 87–3618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided March 10, 1988.

Michael Axline, Western Natural Resources Clinic, Eugene, Or., for plaintiffs-appellants.

Maria A. Iizuka, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendant-appellee.

Before ANDERSON, NORRIS and HALL, Circuit Judges.

NORRIS, Circuit Judge:

Appellants appeal the district court's denial of their application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and the Endangered Species Act (ESA), 16 U.S.C. § 1540(g)(4). We reverse.

I

Appellants brought this action in federal district court, under the National Environmental Policy Act (NEPA), the National Forest Management Act (NMFA), and ESA, to enjoin construction of a timber road. The district court granted summary judgment for appellees, the Chief of the Forest Service and others, on all issues. *See Thomas v. Peterson*, 589 F.Supp. 1139 (D. Idaho 1984). Appellants appealed and this court reversed in part and affirmed in part. *See Thomas v. Peterson*, 753 F.2d 754 (9th Cir.1985). Specifically, we affirmed the district court's holding under NMFA, but reversed its holdings that NEPA did not require the Forest Service to prepare an environmental impact statement (EIS) analyzing the combined environmental impact of the road and timber sales and that the Forest Service had committed only a *de minimis* violation of ESA by failing to prepare a biological assessment of the impact of the road on endangered species before deciding to build it. *Id.* at 761–63. Although we held that the district court had erred in declining to enjoin construction of the road pending compliance with ESA, *id.* at 765, we did not specifically order the district court to enjoin the building of the road. Rather, we remanded to the district court to fashion an appropriate remedy for the Forest Service's failure to comply with NEPA and to consider the sufficiency under ESA of a biological evaluation which the Forest Service had compiled but never entered into the record. *Id.* at 765.

On remand the Forest Service did not submit the biological evaluation. Instead, it withdrew the proposal to construct the road. The district court ordered that if the Forest Service decided to revive the road project in the future appellants could return to the district court for an appropriate order and/or injunction consistent with the opinion of the Ninth Circuit. *See* Order Substituting Ninth Circuit Decision for Prior Judgment, Clerk's Record 174. Subsequently, appellants filed an attorneys' fees application with the district court, requesting fees and costs under EAJA, 28 U.S.C. § 2412(d), and ESA, 16 U.S.C. § 1540(g)(4). The district court denied the application under both statutes.

II

We review the district court's decision to deny attorneys' fees under EAJA for abuse of discretion. *Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir.1987); *Petition of Hill*, 775 F.2d 1037, 1040 (9th Cir.1985). An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact. *OEC v. Kunzman*, 817 F.2d at 496. Interpretation of EAJA is a question of law reviewable *de novo. Id.*

The relevant provisions of EAJA provide: [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In determining whether the government's position was substantially justified "we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir.1987); *see also OEC v. Kunzman*, 817 F.2d at 498. EAJA defines the government's "position" as both the posi-

tion of the government taken in the litigation and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (Supp. III 1985); *see also League of Women Voters v. FCC,* 798 F.2d 1255, 1258 (9th Cir. 1986).

■ By providing that courts "shall" award attorneys' fees to prevailing parties, EAJA creates a presumption that fees will be awarded unless the government's position was substantially justified. *U.S. v. First National Bank of Circle,* 732 F.2d 1444, 1447 (9th Cir.1984). " 'The test of whether or not a Government action is substantially justified is essentially one of reasonableness.' " *Barry v. Bowen,* .825 F.2d at 1330 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4989).[1] Although the failure of the government to prevail does not raise a presumption that its position was not substantially justified, the government has the burden of showing that its case had a reasonable basis in law and in fact. *Petition of Hill,* 775 F.2d at 1042. It may sustain its burden by showing that its position was a novel but credible extension or interpretation of the law. *Id.*

The district court denied appellants' request for attorneys' fees under EAJA on two grounds. First, it found that the government had a strong argument that its violation of ESA was technical and *de minimis.* Second, it found that there was substantial merit in the government's argument that no EIS was required under NEPA because the road was not part and parcel of a timber harvest plan. It concluded: "[T]he government was substantially justified in defending itself on these issues. The issues were close and hard fought, and

the Court therefore holds that the plaintiffs are not entitled to attorneys' fees under the [EAJA]." Opinion on Fees, E.R. at 119.

■ We hold that in denying fees the district court abused its discretion because as a matter of law the government's underlying conduct and its litigation position with respect to ESA and NEPA were not substantially justified. First, with respect to ESA, our court held that the Forest Service's failure to prepare a biological assessment of the effect of the road on protected species prior to its decision to build it was a *substantial* violation of ESA, 16 U.S.C. § 1536(c)(1), and that the district court therefore erred in failing to enjoin construction of the road. *Thomas v. Peterson,* 753 F.2d at 763–65. As Judge Sneed wrote:

> The Forest Service's failure goes beyond the technical violation cited by the district court, and is not *de minimis.*
>
> Once an agency is aware that an endangered species may be present in the area of its proposed action, the ESA requires it to prepare a biological assessment to determine whether the proposed action. "is likely to affect" the species and therefore requires formal consultation with the [Fish and Wildlife Service]. (citation omitted). The Forest Service did not prepare such an assessment prior to its decision to build the Jersey Jack road. Without a biological assessment, it cannot be determined whether the proposed project will result in a violation of the ESA's substantive provisions. A failure to prepare a biological assessment for a project in an area in which it has been determined that an endangered spe-

---

1. Although it is clear that a reasonableness test is applied to determine whether the government's position was substantially justified, there has been some debate since EAJA was amended in 1985 whether it requires "mere reasonableness" or "a slightly more stringent standard than one of reasonableness." *OEC v. Kunzman,* 817 F.2d at 498; *see also Edwards v. McMahon,* 834 F.2d 796, 802 (9th Cir.1987). This court has not yet addressed the effect of the 1985 amendments on the standard of reasonableness. *Edwards v. McMahon,* 834 F.2d at 802. The dis-

trict court purported to apply a standard which is "slightly above one based on reasonableness." Opinion on Fees, Excerpt of Record (E.R.) at 119. Because we find the government's position unreasonable under either standard, we decline to review this question. *See, e.g., OEC v. Kunzman,* 817 F.2d at 498 ("This case ... does not require us to determine whether more than mere reasonableness is required, because the government clearly meets a higher standard."); *see also Edwards v. McMahon,* 834 F.2d at 802–03 (same).

cies may be present cannot be considered a *de minimis* violation of the ESA. *Id.* at 763. Thus, our unequivocal reversal on ESA issues strongly indicates that in this case both the government's underlying conduct—the failure to prepare a biological assessment—and its litigation position—that the failure to do so was merely a technical violation of ESA—were not reasonable.

The government argues that its position with respect to ESA was reasonable because the Forest Service prepared a biological evaluation before the district court issued its opinion on the merits and that this court remanded to the district court to consider whether the evaluation was sufficient under ESA. However, the biological evaluation *was not* prepared prior to the Forest Service's decision to build the road as ESA requires and was never entered into the record. The fact that a biological evaluation was prepared *after* the decision to build the road and after the initiation of the suit further indicates that the government's underlying conduct and litigation position were *not* reasonable.

■ Second, we also hold as a matter of law that the government's underlying conduct and litigation position with respect to NEPA were not substantially justified. The district court denied appellants' fee request because it found there was substantial merit in the government's position that no EIS was required because the road was not part and parcel of a timber harvest plan. *See* Opinion on Fees, E.R. at 117. However, our court held that NEPA required the cumulative impacts of the road and timber sales be assessed before the road was approved. 753 F.2d at 759–761. The government argues that its NEPA position was not frivolous and that the divergent views of the district court and this court demonstrate that there was room for genuine dispute. However, in reversing the district court, Judge Sneed stated:

> The Forest Service argues that the sales are too uncertain and too far in the future for their impacts to be analyzed along with that of the road. This comes close to saying that building the road now is itself irrational. We decline to accept that conclusion. Rather, we believe that if the sales are sufficiently certain to justify construction of the road, then they are sufficiently certain for their environmental impacts to be analyzed along with those of the road. (citation omitted)....
>
> Moreover, the record contains substantial evidence that the timber sales were in fact at an advanced stage of planning by the time that the decision to build the road was made.... The record plainly establishes that the Forest Service, in accordance with good administrative practices, was planning contemporaneously the timber sales and the building of the road. Either without the other was impractical. The Forest Service knew this and cannot insist otherwise to avoid compliance with NEPA.

*Id.* at 760–61. We conclude that both the government's underlying conduct—its failure to prepare an EIS analyzing the cumulative impacts of the road and timber sales—and its litigation position—that it was not required to prepare an EIS because sales were too uncertain—were not reasonable.

In sum, the government's underlying conduct and litigation position with respect to both NEPA and ESA were not substantially justified under 28 U.S.C. § 2412(d)(1)(A). Thus we hold that the district court abused its discretion in denying appellants' application for fees because it misapplied the "substantially justified" standard of EAJA.[2]

### III

The government argues that even if its position was not substantially justified, appellants are not entitled to fees under EAJA because they have failed to establish that they are eligible for fees under 28 U.S.C. § 2412(d)(2)(B)(ii) (Supp. III 1985) or

---

**2.** Because under EAJA appellants may receive fees for their efforts litigating both their NEPA and ESA claims, we need not address the district court's denial of appellants' application for fees under ESA.

that they are a prevailing party under 28 U.S.C. § 2412(d)(1)(A).

 To be eligible for fees under 28 U.S.C. § 2412(d)(2)(B)(ii) (Supp. III 1985), a corporation must have 500 or fewer employees, and must either 1) be worth $7 million or less *or* 2) be tax exempt under section 501(c)(3) of the Internal Revenue Code. The government correctly notes that the affidavit of the assistant director of the Idaho Conservation League, the plaintiff that filed the fee application, shows only that the League is a "non-profit, public interest corporation" which is worth less than $1 million, but not that the League employs fewer than 500 employees. *See* Affidavit of Mary Kelly, E.R. at 162. We agree that the affidavit is not sufficient to establish that the League is eligible for fees and direct the district court to determine whether the League is eligible for fees under 28 U.S.C. § 2412(d)(2)(B)(ii) (Supp. III 1985) upon remand.

 The government's argument that appellants are not entitled to fees under EAJA because they did not establish that they were a prevailing party is meritless. The government argues that appellants are not a prevailing party because they did not demonstrate that their lawsuit was the catalyst which prompted the Forest Service to decide not to build the road, and because this court did not order the district court to enjoin the building of the road but remanded the case to the district court to consider a biological evaluation compiled by the Forest Service but never entered into the record. However, given this court's unequivocal reversal of the district court's decision with respect to NEPA and ESA and the clear causal connection between this court's decision and the Forest Service's decision to withdraw the road proposal, it is indisputable that appellants are a prevailing party with respect to their NEPA and ESA claims.[3] Indeed, the district court did not deny the fee request on the basis that appellants were not a prevailing party. To the contrary, the district

court held that appellants were entitled to costs under 28 U.S.C. § 2412(a) which provides that costs may be awarded to *prevailing parties*. *See* Opinion on Fees, E.R. at 120.

Finally, the government argues that if appellants are entitled to fees, they are not entitled to more than $75 per hour or a multiplier. The district court did not address these issues and we believe that they would be more appropriately addressed in the first instance below. Accordingly, we vacate the district court's order denying appellants' application for fees under EAJA and remand to the district court to determine whether the League is eligible for fees under 28 U.S.C. § 2412(d)(2)(B)(ii) (Supp. III 1985) and to calculate a fee award.

REVERSED AND REMANDED.

---

**3.** Appellants do not request fees for time spent on the NMFA claim on which they did not prevail.