930 F.2d 28
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Marianne E. NOLLER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-55093.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 20, 1991.*
Decided April 1, 1991.
 Before K.K. HALL, DAVID R. THOMPSON and RYMER, Circuit Judges.
 MEMORANDUM**
 Marianne E. Noller appeals the magistrate's order denying her motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 ("EAJA").[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 1
 We review the denial of attorney's fees under the EAJA for an abuse of discretion. Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] could rationally have based its decision." Id. (quoting In re Hill, 775 F.2d 1037, 1040 (9th Cir.1985)). The EAJA provides for an award of attorney's fees to a prevailing party unless the district court finds that the government's position was "substantially justified." See 28 U.S.C. Sec. 2412(d)(1)(A). "Substantially justified" means justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988).
 
 
 2
 In this action for disability benefits, the magistrate denied motions for summary judgment made by both parties, and granted Noller's alternative motion for remand to the Secretary to consider new medical evidence submitted after the initial decision denying benefits. Based principally on this new evidence, an Administrative Law Judge found Noller to be disabled and therefore entitled to receive social security benefits.
 
 
 3
 Thus, the decision to award benefits was based on new evidence available to the Secretary only after remand from the district court. Accordingly, the magistrate did not abuse her discretion in finding that Noller is not entitled to attorney's fees under the EAJA because the record supports the conclusion that the Secretary's position was substantially justified. See Pierce, 487 U.S. at 565; Kali, 854 F.2d at 331.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to the referral of the case to the magistrate for disposition