5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edmund FREMONT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
* Defendant-Appellee.
 No. 92-56395.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 31, 1993.**
Submission Withdrawn May 18, 1993.
Resubmitted Aug. 25, 1993.
Decided Aug. 27, 1993.
 
 Appeal from the United States District Court Central District of California; No. CV-89-7209-DT (JR), Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 MEMORANDUM ***
 Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 Fremont appeals the district court's denial of his motion for award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. The district court found that the position of the Secretary of Health and Human Services ("Secretary") during the proceedings was substantially justified, precluding an EAJA award. We reverse.
 
 
 2
 The district court originally denied Fremont's motion with a terse two-sentence order. On appeal, we remanded for an explanation of the reasons for the district court's conclusion, pursuant to Hayes v. Heckler, 785 F.2d 1455, 1457 (9th Cir.1986).
 
 
 3
 We review the district court's decision for abuse of discretion. Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988). The Supreme Court has interpreted "substantially justified" to mean "justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Secretary must show that her "conduct was substantially justified at each stage of the proceedings." Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir.1991) (citation omitted). More specifically, we must determine "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Kali, 854 F.2d at 332.
 
 
 4
 The Secretary is required to recover excess payments of benefits unless the recipient is without fault and such recovery "would be against equity and good conscience." 42 U.S.C.A. Sec. 404(a), (b) (West 1991). We have held that Fremont should not suffer recovery of the benefits. We recognize, of course, that our rejection of the Secretary's position on the merits does not necessarily mean that the decision to contest the overpayment issue was substantially unjustified. See Kali, 854 F.2d at 332. However, the fact that the Secretary prevails at a certain administrative or judicial level does not automatically immunize her from an EAJA award.
 
 
 5
 The district court's explanation for its denial of Fremont's EAJA motion contradicts our previous memorandum disposition in this case, filed April 7, 1992. The court's analysis of the "fault" issue was as follows: "Plaintiff is a doctor who claims to have signed the application without reading it. The signing of an application by an educated person without reading it provides substantial justification for the Secretary's position." Reasons for Substantial Justification at 2 (May 24, 1993) ("Reasons"). We said, by contrast, that his signature was "insufficient reason to find Fremont at fault. The notice on the application was one paragraph out of four pages. Fremont did not complete the application himself; it was filled out by the SSA representative assisting Fremont.... [I]t is unrealistic to hold Fremont responsible in 1984 for the notice on a lengthy application he signed in 1980." Memorandum Disposition at 6-7.
 
 
 6
 With respect to "equity and good conscience," the district court opined that "[p]laintiff is not a poor person. He is receiving a government pension and had income from a rental condominium, savings of $8,000 or $9,000, and a long-term Certificate of Deposit worth about $5,000.' " Reasons at 2. By contrast, the district court explained that, with his assets, Fremont was capable of repaying the $5,616.90 overpayment. Id. This determination, although it quotes language from our memorandum disposition, disregards the implications of our decision. We found that "[t]he Fremonts are an elderly couple, who generally appear to be living on a fixed income. The overpayment occurred over a period of years, and only totalled about $53.90 per month.... Equity is better served by waiving recovery." Memorandum Disposition at 9.
 
 
 7
 In short, the Secretary's position in this case was not substantially justified at all stages. We find that the district court abused its discretion in denying Fremont's EAJA motion.
 
 
 8
 REVERSED and REMANDED with directions to award a reasonable attorney's fee to plaintiff.
 
 BRUNETTI, Circuit Judge, Dissenting:
 
 9
 Because I find that the Secretary's conduct was "substantially justified at each of the proceedings," Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir.1991) (citations omitted), I dissent.
 
 
 10
 I note first that we review the district court's conclusion on this issue using the deferential abuse of discretion standard. Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988). We cannot reverse its decision unless we have "a definite and firm conviction that the [district court] committed a clear error of judgment." United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992) (emphasis added). We "cannot simply substitute our judgment for that of the district court." United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992) (quotations omitted). This is precisely what the majority has done.
 
 
 11
 On the issue of fault, the fact that the district court's explanation (essentially the same as the Secretary's argument) "contradicts" our previous memorandum disposition in this case is not sufficient to find a lack of "substantial justification." See Kali, 854 F.2d at 332. That explanation, and the Secretary's position on the merits, was certainly "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). See, e.g., Chapman v. Bowen, 810 F.2d 151, 152 (8th Cir.1986) (holding benefits recipient responsible for notice contained in forms he signed "even if he did not read or complete them"). The district court certainly did not commit a "clear error of judgment," and therefore did not abuse its discretion in finding the Secretary's position to be "substantially justified."
 
 
 12
 With respect to the "equity and good conscience" issue, our conclusion in our memorandum disposition that equity was "better served by waiving recovery" does not mean that the Secretary's decision to seek recovery was not substantially justified. The majority correctly notes that Fremont had at least $10,000 in assets and a steady fixed income from a rental condominium, together more than sufficient to repay the $5,616.90 overpayment. Because of these circumstances, there were solid arguments to be made on both sides of the "equity and good conscience" question. The district court did not abuse its discretion in finding the Secretary's position to be "substantially justified."
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3