9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gail Harris GETTY, as Special Administrator of the Estate of
George Harris; Chester Leo Smith, as Applicant
for Fees, Plaintiffs-Appellants,
v.
Louis W. SULLIVAN, Secretary of HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 93-55193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gail Harris Getty, on behalf of George Harris, appeals the district court's denial of her motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the reinstatement of Harris's supplementary medical insurance coverage, which had been terminated by the Secretary of Health and Human Services ("Secretary"). The district court held that the government's position was substantially justified. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review for abuse of discretion a denial of attorneys' fees under the EAJA on the ground that the government's position was substantially justified. Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990). This is a "highly deferential standard." Kali v. Bowen, 854 F.2d 329, 334 (9th Cir.1988). We find an abuse of discretion when the district court's "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." Id. at 331 (quotations omitted).
 
 
 4
 Although Getty contends the district court erred by denying her motion, she has failed to identify any erroneous conclusion of law or finding of fact on the part of the district court in denying her motion. Rather, Getty argues that, by reinstating medical benefits to Harris following litigation, the Department of Health and Human Services ("Department") "conceded that the Defendant Secretary was always wrong and the claimant was always right." We disagree.
 
 
 5
 The EAJA provides for the award of attorneys' fees to a "prevailing party ... in a civil action ... against the United States" unless the United States' position is "substantially justified" or there are "special circumstances" that would make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" if there is a "genuine dispute" or "reasonable people could differ" as to the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government's position need not be "justified to a high degree," but must be "justified in substance or in the main." Id. at 565 (quotations omitted). This standard is the same as the "reasonable basis both in law and fact" standard used by our court. Id. In determining whether a position is substantially justified, the court considers the reasonableness of the underlying government action and the government's position in defending the action. Kali, 854 F.2d at 332.
 
 
 6
 Here, Medicare billings sent to Harris during two consecutive quarters in 1982 were returned to the Social Security Administration ("SSA") as undeliverable. Based on the non-payment of premiums, the SSA terminated Harris's coverage on October 1, 1982, when the grace period for paying overdue premiums ended. See 42 U.S.C. § 1395q(b)(2); 42 C.F.R. § 405.921 (1986).
 
 
 7
 Getty filed a claim with SSA seeking to reinstate the Medicare benefits. The Secretary contended that Getty failed to demonstrate that equitable relief was appropriate under 42 C.F.R. § 405.927 (1986). An administrative law judge ("ALJ") agreed with the Secretary and denied benefits. The ALJ found that good cause had not been shown such that failure to make timely payments would be excused. See 42 C.F.R. § 405.929 (1986). Getty petitioned for review of the ALJ's decision. The district court affirmed. A split panel of this court reversed the district court and remanded for a determination of whether Harris's incompetence constituted good cause under the regulations. Getty v. Secretary of Health and Human Servs., No. 86-6086 (9th Cir. Feb. 24, 1988).
 
 
 8
 Upon remand, the ALJ determined that although Harris was incompetent, good cause for failure to pay the premiums had not been established. Accordingly, the ALJ held that SSA properly terminated Harris's supplementary medical insurance coverage on September 30, 1982. Nevertheless, after considering the ALJ's decision, this court's decision, and Getty's written objections to the ALJ's decision, the Department determined that good cause existed to reinstate Harris's supplementary medical insurance coverage. The Department reinstated Harris's benefits.
 
 
 9
 Contrary to Getty's contention, the Department's decision to reinstate the benefits does not, by itself, demonstrate that the Secretary was not substantially justified in its position. See Underwood, 487 U.S. at 568. Moreover, we find the Secretary's position was substantially justified. The regulations provided for termination of benefits for non-payment following the sixth month of non-payment. 42 C.F.R. § 405.921 (1986). Here, Harris had moved but had not notified the SSA of his new address. The Medicare bills were forwarded to Harris's new address for twelve months. Once the forwarding expired, the bills were returned to SSA. Harris's family paid the premiums during the twelve months of forwarding, but ceased payments once the forwarding expired. The Secretary was not unreasonable in arguing that good cause had not been shown because Harris's family was aware that SSA did not have Harris's current address but failed to notify SSA of the address change.
 
 
 10
 Because the Secretary's position was substantially justified, the district court did not abuse its discretion by denying Getty's motion for fees under the EAJA. See Bay Area Peace Navy, 914 F.2d at 1230.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's argument that the EAJA motion was untimely. See Shalala v. Schaeffer, 113 S.Ct. 2625, 2632 (1993)